UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KEYAN R. PRICE,**

       **Plaintiff,**

   **V.**                                             **9:06-CV-029**

**DR. JACK KEISER,**

       **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Randolph F. Treece, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72.3(c) of the Local Rules of the Northern District of New York. Plaintiff and Defendant have filed objections to the Report-Recommendation dated September 21, 2007.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court reviews the record de novo. See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [Court] may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

The primary issue presented is whether Defendant acted with deliberate indifference for failing to provide Plaintiff with a sprint to immobilize his wrist. The

1

magistrate judge found there was a triable issue of fact concerning whether Defendant acted with deliberate indifference towards this medical need.  Upon *de novo* review, this Court agrees.

The evidence demonstrates that, upon being transferred to Cayuga Correctional Facility on March 3, 2005, Plaintiff complained of palpitations, chest pains and light-headedness.  His February 2005 Ambulatory Health Record noted "sharp pain" in his wrist.  On March 12, 2005, Plaintiff complained to a nurse of limited flexion of his right wrist and that the medication prescribed, Naprosyn, was not sufficiently alleviating his pain.  Defendant, therefore, increased the dosage of Naprosyn pending his upcoming appointment with Plaintiff.  Plaintiff's March 15, 2005 Ambulatory Health Record noted "extreme pain" in his right wrist.  On March 23, Plaintiff was seen by a nurse for complaints of chest pain.  Plaintiff also requested something to immobilize his wrist.  On March 24, Plaintiff met with Defendant.  Among dealing with Plaintiff's other ailments, Defendant referred Plaintiff to orthopedics to examine his wrist.  Defendant's examination of Plaintiff's wrist showed slight tenderness, no swelling, and no evidence of pain.  The record evidence suggests that Plaintiff may have forgotten to request a wrist support from Defendant during the March 24 appointment.  Two days later, on March 26, 2005, Plaintiff was seen by a nurse and requested an ace wrap or other type of wrist support.  Thereafter, numerous reports of wrist pain are noted on Plaintiff's ambulatory health record.  There also are several requests for a wrist support.  On two separate occasions, April 7 and April 28, Defendant denied Plaintiff's requests for a wrist brace.  On May 2, 2005, Plaintiff was seen by an orthopedist, Dr. Zelko, who diagnosed Plaintiff with a severe sprain of the right wrist with scapholunate disssociation.  Zelko urgently referred

Plaintiff for surgery.  Zelko also provided Plaintiff with a splint.

Questions of fact remain regarding the extent of Plaintiff's injury and the severity of his pain and, thus, whether he suffered from a serious medical need.  Questions of fact also remain concerning the extent to which Defendant was aware of Plaintiff's Ambulatory Health Record, Plaintiff's repeated requests for a wrist support, and Plaintiff's complaints of pain, and, therefore, whether Defendant may have acted with deliberate disregard of Plaintiff's complaints of severe pain.  Questions of fact also exist regarding the extent to which a splint would have alleviated Plaintiff's complaints of severe pain, if at all, and whether the failure to provide a splint merely constituted a difference of medical opinion.

Accordingly, for the foregoing reasons and the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment are DENIED.

**IT IS SO ORDERED.**

Dated: February 7, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge